IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**CHARLES A. WINSTON**                                                                   **PLAINTIFF**
**ADC #084733**

v.                              No: 5:18-cv-00214 BSM-PSH

**CORRECT CARE SOLUTION,** *et al.*                                      **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Charles A. Winston ("Winston") filed a complaint pursuant to 42 U.S.C. § 1983 on August 22, 2018. *See* Doc. No. 1. Winston later filed an application to proceed *in forma pauperis* on September 7, 2018. *See* Doc. No. 2. Winston is an inmate at the Maximum Security Unit at Tucker, Arkansas in the Arkansas Department of Correction ("ADC").

Winston alleges that on August 2, 2015, he was brutally assaulted by multiple gang members, and was rushed to the Emergency Room by ambulance. Doc. No. 1 at 4. Winston had surgery on August 18, 2015, as a result of his injuries. *Id*. Winston claims Wannetta Clowers ("Clowers"), an APN for Correct Care Solutions ("CCS"), failed to administer appropriate pain medication(s) to him after surgery. *Id*. Winston alleges Clowers allowed him to suffer in pain, showing deliberate indifference to his serious medical needs. *Id*. Winston further alleges CCS has an unwritten policy whereby its employees are instructed to take away or withhold inmates' prescribed medications, orthopedic appliances, and medical treatment prescribed by specialists. Doc. No. 1 at 5. Winston alleges that CCS has been deliberately indifferent to his serious medical needs. *Id*.

On August 8, 2016, Winston filed a complaint in *Winston v. Clowers et al.*, No. 5:16-cv-00252-KGB. *See* No. 5:16-cv-00252, Doc. No. 2. In that case, Winston conceded that he was a three-striker under the Prison Litigation Reform Act ("PLRA"),[1] but argued that he should be allowed to proceed without paying a filing fee because he was in "present danger." *Id.* at 4. Winston alleged that he was in imminent danger because he had ongoing

---

[1] The three-strikes provision of the PLRA requires the court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, **unless the prisoner is under imminent danger of serious physical injury.**

28 U.S.C. § 1915(g) (emphasis added). The United States Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

medical issues and was being denied adequate medical care. *Id*. at 7. In the same case, Winston also pled many of the same facts, and made many of the same allegations, as he does in this case. Winston alleged that he was brutally assaulted on June 15, 2013, and again on August 2, 2015. *See* No. 5:16-cv-00252, Doc. No. 2 at 5. Just as in this case, much of Winston's 2016 complaint recounts the alleged failure of medical personnel, including Clowers, to provide care for him in the immediate aftermath of the August 2, 2015 assault. *Id*. at 5-7.

Due to Winston's status as a three-striker,[2] the Court in the 2016 case decided that many of his claims were improper as they did not place him in imminent danger at the time he filed the lawsuit in 2016. On motion of the defendants,[3] the Court severed from the 2016 lawsuit any claims for events which allegedly occurred in 2015.[4] Thus, he was not permitted to proceed with the allegations concerning events that took place in 2015. Rather, Winston was only permitted to proceed with the alleged ongoing conduct of the defendants.[5] *See* Doc. Nos. 62 & 75.

---

[2] The Court noted that Winston had at least three strikes in *Winston v. Burl, et al.*, No. 2:14-cv-00001-DPM; *Winston v. Clark, et al.*, No. 5:12-cv-00430-JLH; *Winston v. Johnson*, No. 4:02-cv-00798-JMM.

[3] *See Winston v. Clowers et al.*, No. 5:16-cv-00252-KGB, Doc. Nos. 62 & 75.

[4] *See Winston v. Clowers et al.*, No. 5:16-cv-00252-KGB, Doc. No. 94, fn 2, explaining that claims from 2015, including failure to provide pain medication after being beaten by gang members in August 2015, failure to provide Peridex mouthwash for two weeks in August 2015, and being accused of seeking drugs in October 15, were previously dismissed.

[5] *See Winston v. Clowers et al.*, No. 5:16-cv-00252-KGB, Doc. No. 94 at 2 ("Plaintiff's imminent danger claims are based on his 2016 allegations that he was suffering from headaches without pain medication, unaligned teeth, loose teeth, bleeding gums, numb lips, and memory loss without adequate medical treatment at the time he filed his complaint. *See* Doc. No.

As previously noted, Winston is a three-striker under the PLRA. As a three-striker, Winston is not able to proceed *in forma pauperis* unless he can demonstrate that he is was in imminent danger of serious physical injury when he filed his complaint. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The United States Court of Appeals for the Eight Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (holding that the imminent danger exception did not apply when a prisoner was forced to work outside in extreme weather conditions that did not result in any serious physical injuries). *See also Ashley*, 147 F.3d at 717 (holding that the imminent danger exception applied when prison officials continued to place a prisoner near his enemies who had previously stabbed him); *McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002) (holding that the imminent danger exception applied where inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions).

The Court finds that the facts alleged in this case do not demonstrate that Winston was in imminent danger of serious physical injury when he commenced this action. In fact, the allegations of the complaint instead center on Clowers' alleged failure to administer pain medication to Winston in the aftermath of the August 2015 assault. *See* Doc. No. 1 at 4-5. Winston's complaint makes no allegations concerning ongoing events. Because

---

2 at ¶¶ 16-20.").

Winston has not alleged sufficient facts to show that he is in imminent danger of serious physical injury, his motion to proceed *in forma pauperis* should be denied and his complaint dismissed without prejudice.

IT IS THEREFORE RECOMMENDED THAT:

1. Winston's motion for leave to proceed *in forma pauperis* (Doc. No. 2) be DENIED, and this case be DISMISSED WITHOUT PREJUDICE.

2. Winston be given thirty days to reopen the case by paying the $400 filing and administrative fees in full and filing a Motion to Reopen.

DATED this 13th day of September, 2018.

_____
UNITED STATES MAGISTRATE JUDGE